UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
MAHMOOD AKHTAR,

                                    Docket No. 1:19-cv-01422 (WFK-JO)

          Plaintiff,

     -against-

VITAMIN HERBAL HOMEOPATHIC
CENTER INC. D/B/A VHC USA INC.,
IFTIKHAR CHOUDRY and TAYYABA
KUNWAR,

          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## <u>ANSWER TO COMPLAINT WITH COUNTERCLAIM</u>

     Defendants, as and for their answer to the Complaint herein, respectfully state and allege as follows:

     1.    The allegations contained in paragraphs "1" to "9" under the subheading "Preliminary Statement" state legal conclusions as to which Defendants are not required to plead. To the extent the Preliminary Statement contains allegations intended to be pleadings, Defendants deny that Plaintiff was subjected to exploitive work conditions, threats, or other conditions, acts, or conditions against Plaintiff's will.

     2.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "10".

     3.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "11", but aver that Plaintiff is a native Pakistani.

4.      Admit the allegations of paragraph "12", but deny the Vitamin Herbal Homeopathic Center Inc. does business under the name of VHC USA Inc.

5.      Admit the allegations of paragraph "13".

6.      Deny the allegations of paragraphs "14", but admit that Kunwar is a native Pakistani.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs "15" to "23".

8.      Deny the allegations of paragraphs "24", "25", and "26".

9.      Deny the allegations of paragraph "27", but admit that Plaintiff was paid a settlement amount in connection with an unpaid wage claim, and that as part of the settlement Plaintiff released Defendants from all other claims.

10.     Deny the allegations of paragraphs "28", "29", "30", "31", "32", "33", "34", "35", "36", "37", "38", "39", "40", "41", "42", "43", "44", "45", "46", and "47".

11.     Deny the allegations of paragraph "48", but admit that Plaintiff was accused of stealing cash, and that the police were called.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "49", but admit that a settlement of the unpaid wage claim was made, and that as part of the settlement Plaintiff released Defendants from all other claims.

13.     Deny the allegations of paragraphs "50", "51", "52", "53", "54", "55", and "56".

14.     In answer to paragraph "57", repeat and reallege the admissions, denials and averments to paragraphs "1" to "56" as if fully set forth herein.

15.    The allegations contained in paragraphs "58" to "60" state a legal conclusion to which Defendants are not required to plead.  Defendants deny any and all allegations that the Defendants exploited the Plaintiff or held Plaintiff to involuntary servitude.

16.    Deny the allegations of paragraphs "61", "62", "63", "64" and "65".

17.    In answer to paragraph "66", repeat and reallege the admissions, denials and averments to paragraphs "1" to "65" as if fully set forth herein.

18.    The allegations contained in paragraphs "67" to "68" state a legal conclusion to which Defendants are not required to plead.  Defendants deny any and all allegations that the Defendants exploited the Plaintiff with the intent to further the interests of the Defendants.

19.    Deny the allegations of paragraphs "69", "70", "71", "72" and "73".

20.    In answer to paragraph "74", repeat and reallege the admissions, denials and averments to paragraphs "1" to "73" as if fully set forth herein.

21.    The allegations contained in paragraphs "75" to "76" state a legal conclusion to which Defendants are not required to plead.  Defendants deny any and all allegations that the Defendants exploited the Plaintiff with the intent to further the interests of the Defendants.

22.    Deny the allegations of paragraphs "77", "78", "79", "80". "81", and "82".

23.    In answer to paragraph "83", repeat and reallege the admissions, denials and averments to paragraphs "1" to "82" as if fully set forth herein.

24.    The allegations contained in paragraphs "84" to "86" state a legal conclusion to which Defendants are not required to plead.  Defendants deny any and all allegations that the Defendants exploited the Plaintiff with the intent to further the interests of the Defendants.

25.    Deny the allegations of paragraphs "87", "88", and "89".

26.     In answer to paragraph "90", repeat and reallege the admissions, denials and averments to paragraphs "1" to "89" as if fully set forth herein.

27.     The allegations contained in paragraphs "91" to "93" state a legal conclusion to which Defendants are not required to plead.  Defendants deny any and all allegations that the Defendants exploited the Plaintiff with the intent to further the interests of the Defendants.

28.     Deny the allegations of paragraphs "94" and "95".

29.     In answer to paragraph "96", repeat and reallege the admissions, denials and averments to paragraphs "1" to "95" as if fully set forth herein.

30.     The allegations contained in paragraphs "96" to "97" state a legal conclusion to which Defendants are not required to plead.  Defendants deny any and all allegations that the Defendants exploited the Plaintiff with the intent to further the interests of the Defendants.

31.     Deny the allegations of paragraphs "98", "99", "100" and "101".

32.     In answer to paragraph "102", repeat and reallege the admissions, denials and averments to paragraphs "1" to "101" as if fully set forth herein.

33.     The allegations contained in paragraphs "103" to "104" state a legal conclusion to which Defendants are not required to plead.  Defendants deny any and all allegations that the Defendants exploited the Plaintiff with the intent to further the interests of the Defendants.

34.     Deny the allegations of paragraphs "105", "106" and "107".

35.     In answer to paragraph "108", repeat and reallege the admissions, denials and averments to paragraphs "1" to "107" as if fully set forth herein.

36.     The allegations contained in paragraph "109" state a legal conclusion to which Defendants are not required to plead.  Defendants deny any and all allegations that the Defendants exploited the Plaintiff with the intent to further the interests of the Defendants.

4

37.     Deny the allegations of paragraphs "110", "111", "112", "113", and "114."

## FIRST AFFIRMATIVE DEFENSE

38.     The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

39.     Defenses are founded upon documentary evidence.

## THIRD AFFIRMATIVE DEFENSE

40.     Laches.

## FOURTH AFFIRMATIVE DEFENSE

41.     Payment.

## FIFTH AFFIRMATIVE DEFENSE

42.     Accord and Satisfaction.

## SIXTH AFFIRMATIVE DEFENSE

43.     In pari delicto.

## SEVENTH AFFIRMATIVE DEFENSE

44.     Release.

## EIGHTH AFFIRMATIVE DEFENSE

45.     Equitable estoppel.

## TENTH AFFIRMATIVE DEFENSE

45.     Statute of limitations and/or other time limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

45.     Bad faith acts.

## AS AND FOR A COUNTERCLAIM

46.     For approximately 15 years, Plaintiff was employed by the Defendant VHC.

47.     During the time of Plaintiff's employment, Plaintiff had access to the business and cash registers of VHC.

48.     During his employment, Plaintiff skimmed and stole money from VHC.

49.     The theft was done in small amounts and went undetected for many years.

50.     Upon information and belief, Plaintiff stole approximately $1,000 per week from VHC.

51.     Plaintiff also stole customer  and supplier lists.

52.     Plaintiff used the stolen monies and property to open up a store in the same neighborhood as VHC, with a similar name, and selling the same items.

53.     Plaintiff's new store is being marketed and advertises as if it is associated with VHC.

54.     Plaintiff stole and converted VHC's property with knowledge of the fact that the monies and property belonged to VHC.

55.     As a result of the theft of monies, and property, and the conversion of VHC's property, Defendant VHC has been injured.

WHEREFORE, the Defendants pray for judgment dismissing the Complaint, and granting Defendant VHC judgment on the counterclaim, together with the costs and disbursements of this action, including attorney's fees, and for such other and further relief as this Court may deem just and proper.

6

Dated: June 14, 2019
      Great Neck, NY

                                      /s/ Simon H. Rothkrug
                                  Simon H. Rothkrug, Esq. (SR 6087)
                                  ROTHKRUG  ROTHKRUG & SPECTOR, LLP
                                  Attorneys for Defendants
                                  55 Watermill Lane, Suite 200
                                  Great Neck, NY  11021
                                  (516) 487-2252
                                  simon@rrslawllp.com

To:     Service by ECF